O / JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| C & C IMPORTS, INC., a California Corporation, dba NANCY CORZINE,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN CROSBY, an individual, BRINKLEY, MORGAN, SOLOMON, TATUM, STANLEY, LUNNY, & CROSBY, LLP, and DOES 1-10,<br><br>Defendants. | Case No. CV 08-5976 ODW (MANx)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

I. INTRODUCTION

This case involves claims for professional negligence and breach of contract filed by Plaintiff C & C Imports, Inc. ("Plaintiff") against the Fort Lauderdale, Florida law firm of Brinkley, Morgan, Solomon, Tatum, Stanley, Lunny & Crosby, LLP and one of its partners, Kevin P. Crosby (collectively "Defendants"). Plaintiff alleges this Court has jurisdiction due to diversity of citizenship under 28 U.S.C. § 1332.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, Defendants request that this action be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasoned stated below, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

## II. BACKGROUND

In approximately 2000, Plaintiff, a California furniture company, entered into a contract with the predecessor of Defendant Law Firm to perform legal services as necessary to obtain a copyright on several pieces of furniture, including a piece commonly known as the Thysson armoire. (Compl. ¶ 4.)

In approximately 2006, Plaintiff became aware that the copyright to the Thysson armoire has been infringed by a North Carolina furniture company, Century Furniture Industries, Inc. ("Century"). (Compl. ¶ 6.) Plaintiff hired a Los Angeles based law firm to represent it in a copyright infringement action against Century in the United States District Court for the Central District of California. (Id.) In July 2007, Defendants were engaged by Plaintiff as co-counsel pro hac vice in the Century copyright matter. (Compl. ¶ 7.) In March 2008, Century filed a Motion for Summary Judgment on the ground that there was no copyright issued on the Thysson armoire. (Compl. ¶ 8.) Plaintiff then dismissed the lawsuit after being informed by its attorneys that there was a great likelihood of losing. (Id.)

Plaintiff believes that Defendants never obtained a copyright on the Thysson armoire. (Compl. ¶ 10.) Plaintiff argues that the failure to discover a filing error in connection with the original copyright filing was due to the negligence of Defendants. (Id.) As a proximate result of Defendants' alleged negligence, Plaintiff argues it incurred unnecessary costs and legal fees in prosecuting the Century lawsuit. (Compl. ¶ 13.)

Defendants argue that they have no connection to and cannot be subject to personal jurisdiction in California. Defendants have allegedly never purposely availed themselves of the privilege of conducting activities in California. Further, Defendants argue that Plaintiff's instant lawsuit *arises* from Defendants' alleged negligence in connection with their work performed in Florida in 2000 and not the California lawsuit involving Century. The Court will address each of these arguments in turn.

III. DISCUSSION

    A.    <u>Legal Standard: Personal Jurisdiction</u>

Under Fed. R. Civ. P. 12(b)(2), when a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). However, when a district court rules on such a motion without an evidentiary hearing, as here, "the plaintiff need make only a prima facie showing of jurisdictional facts in order to withstand the motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In other words, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Where there is no applicable federal statute governing personal jurisdiction, a court applies the law of the state in which the district court sits. *See Schwarzenegger*, 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800-801.

The constitutional requirement is satisfied if personal jurisdiction arises from traditional circumstances, or if it is established that the nonresident defendant has sufficient "minimum contacts" with the forum state, "such that exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *In re Marriage of Fitzgerald v. King*, 39 Cal.App.4th 1419, 1425-26 (Cal. Ct. App. 1995); *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). There are two types of jurisdiction to consider under the minimum contacts doctrine: (1) general jurisdiction and (2) specific jurisdiction. *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 445 (Cal. 1996); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

General jurisdiction applies where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to

those activities. *Sher*, 911 F.2d at 1361 (citing *Data Disc, Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1287 (9th Cir 1977)). "Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action." *Id.*

B.  Analysis

Here, Plaintiff alleges specific jurisdiction. The Ninth Circuit uses a three-part test to evaluate the nature and quality of Defendants' contacts for purposes of specific jurisdiction: (1) some action must be taken whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must arise out of or result from Defendants' forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Sher*, 911 F.2d at 1361 (citing *Cubbage v. Merchent*, 744 F.2d 665, 668 (9th Cir 1984)); *see also Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Menken*, 503 F.3d at 1057. (citations omitted). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation marks and citations omitted).

As for the first element of the test, "'purposeful availment' requires that the defendant 'have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Sher*, 911 F.2d at 1362 (quoting *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988)). There is no evidence that indicates Defendants purposefully availed themselves of the privilege of conducting activities in the forum prior to the Century action in this district. Defendants were solicited in Florida to perform legal work for Plaintiff, that is to obtain copyrights for Plaintiff's

1  furniture pieces.  When fulfilling their 2000 representation, Defendants' only out-of-state
2  interactions were allegedly with the U.S. Copyright Office in Washington D.C.  Defendants
3  concede that they corresponded a few times with Plaintiff when Plaintiff was in California.
4  Without more, however, a few phone calls and letters directed toward the forum state do
5  not establish purposeful availment.  *See id.* at 1362-63.

6  Conversely, in addition to Defendants' 2000 representation of Plaintiff, Defendants appeared pro hac vice in the California action involving Century.  Defendants argue their involvement in the Century action required them to perform only minimal work in California, namely one court appearance.  Still, Defendants agreed to represent Plaintiff and applied for pro hac vice status knowing they would seek payment for their work in a California case involving a California corporation.  Thus, by agreeing to represent Plaintiff in a California action, Defendants purposefully availed themselves of the privilege of conducting activities in the forum.  Accordingly, the first element of the specific jurisdiction test has been met.

15  The second prong requires Plaintiff's claim(s) to arise out of or result from Defendants' forum-related activities.  "The second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen."  *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385-86 (9th Cir.1990)); *see also Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001).  Here, it cannot be said that "but for" Defendants involvement in the Century case (Defendants' only forum-related activity), Plaintiff's claims would not have arisen.  Plaintiff's claims relate to Defendant's alleged failure to register certain copyrights in 2000 and not Defendants' pro hac vice representation in the Century action.  Therefore, Defendants' forum-related activities are wholly unrelated to Plaintiff's claims.

26  Nonetheless, Plaintiff argues that Defendants are tied to the forum by the allegation

5

in Plaintiff's Complaint that states, "[a]s a proximate result of defendant's negligence, plaintiff incurred unnecessary costs and legal fees in prosecuting the [Century] lawsuit." (Compl. ¶ 13.) While the Court is required to accept this allegation as true, it does not help Plaintiff in establishing personal jurisdiction. The fact remains that even if Plaintiff had hired attorneys other than Defendants in the Century action, Plaintiff would have the same claims seeking reimbursement for legal fees due to Defendants' alleged negligence in 2000. This is essentially the reverse of what is required under the above "but for" test. Accordingly, because Plaintiff's claims for professional negligence and breach of contract do not arise out of or result from Defendants' forum-related activities, this Court is restricted from exercising personal jurisdiction over Defendants.

Because the second prong negates personal jurisdiction over Defendants, the Court need not examine the reasonableness prong. In addition, because this Court lacks personal jurisdiction over Defendants, the request to transfer venue is DENIED as moot.

IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) and DENIES as moot the Request for Change of Venue.

IT IS SO ORDERED.

DATED:     October 21, 2008

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE